cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAURA ELSHIRE, | ) | Civil No. No.06cv0278 W (AJB) |
| Petitioner, | ) | |
| v. | ) | Report and Recommendation Granting Respondent's Motion to Dismiss the Habeas Corpus Petition |
| DAWN DAVISON, Warden | ) | [Doc. No. 7] |
| Respondent. | ) | |

Petitioner Laura Elshire, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging her conviction in San Diego Superior Court, Case No. SCE 180311, for one count of attempted murder, including enhancements for use of a deadly and dangerous weapon and inflicting great bodily injury, and one count of robbery. On June 26, 2006, the Respondent filed a Motion to Dismiss the Petition as procedurally time-barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). Alternatively, Respondent argues that ground three of the Petition does not present a federal question or that it is unexhausted. Petitioner already filed a notice abandoning unexhausted ground three on March 2, 2006. [Doc. No. 4]. On May 15, 2006, Judge Whelan, granted Petitioner's request to abandon her unexhausted claim three. [Doc. No. 5]. Thus, the Court will only discuss whether the Petition is time-barred under the statute of limitations. Petitioner submitted an Opposition on July 17, 2006. [Doc. 11]. Based upon a review of the parties' moving papers and for the reasons set forth herein, it is recommended that Respondent's Motion to Dismiss the Petition be **GRANTED**.

///

### *Procedural History*

Petitioner was convicted by a jury on November 24, 1997 in San Diego Superior Court, Case No. SCE 180311 of one count of attempted murder (Cal. Penal Code §§ 664/187(a)) and one count of robbery (Cal. Penal Code § 211). [Lodgement 3 at 1]. As to the attempted murder charge, the jury also found that Petitioner personally used a deadly and dangerous weapon within the meaning of Penal Code § 12022(b) and that Petitioner inflicted great bodily injury within the meaning of Penal Code § 12022.7(a).

On January 23, 1998, the trial court sentenced Petitioner to the total term of fourteen years in state prison. The sentence consisted of the upper term of nine years for the attempted murder, a consecutive term of one year for the robbery, a consecutive term of one year for the use of a deadly and dangerous weapon, and a consecutive term of three years for the great-bodily-injury enhancement. [Pet. at 2].

On January 26, 1998, Petitioner filed a notice of appeal with the California Court of Appeal, Fourth Appellate District, Division One, raising three claims of evidentiary error, one claim of insufficiency of evidence, and one claim of prosecutorial misconduct. [Lodgment 1].

On August 6, 1999, the California Court of Appeal affirmed the judgment of the Superior Court in an unpublished decision. *Id*. Petitioner did not petition for review.

On May 17, 2005, Petitioner filed a Writ of Habeas Corpus in the San Diego County Superior Court in which she asserted that: (1) the imposition of the upper term for attempted murder based on facts found by the trial court under the preponderance of evidence standard violated her Sixth Amendment rights as recognized in *Blakely v. Washington*, 542 U.S. 296 (2004) and (2) the trial court violated state and federal double jeopardy clauses and other state law provisions in imposing use of a deadly and dangerous weapon and great-bodily-injury enhancements. [Lodgments 2 and 3]. The San Diego County Superior Court denied the Petition on July 12, 2005. [Lodgment 3].

Petitioner filed a federal Petition in the California Court of Appeal on August 3, 2005, raising the same arguments as her petition in Superior Court. [Lodgment 4]. The Petition was denied on September 13, 2005. [Lodgment 5]. On September 14, 2005, Petitioner filed a Petition for review with the California Supreme Court [Lodgment 6], which was denied on November 30, 2005. [Lodgment 7].

Petitioner filed the instant Writ of Habeas Corpus in this Court on January 24, 2006. [Pet. at 1]. Petitioner challenges her conviction based on the following grounds: (1) violation of Petitioner's rights to

n/a
n/a

have the facts relevant to her punishment determined by a jury; (2) violation of Petitioner's rights to have the facts relevant to her punishment determined beyond a reasonable doubt; and (3) violation of state sentencing laws and the courts' refusal to correct them, producing a fundamentally unfair process and result. [Pet. at 5-6]. The Respondent filed a Motion to Dismiss on June 26, 2006 and the Petitioner filed her Opposition on July 16, 2006. [Docs. No. 8 and 11].

### *Legal Standard*

The instant Petition was filed after April 24, 1996, and therefore it is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which sets forth a one year statute of limitations for state prisoners seeking collateral review in federal court. Pursuant to AEDPA, 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA's limitations period is calculated on a claim-by-claim basis. *Fielder v. Varner,* 379 F.3d 113, 122 (3d Cir. 2004).

The statute of limitations is tolled, however, while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The statute of limitations is also subject to equitable tolling, however such tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling applies only when "extraordinary circumstances" far beyond a Petitioner's control make it impossible to file a timely Petition. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing *Calderon v. U.S. Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th. Cir. 1997); *see also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling does not extend to such "garden variety" contentions of "excusable neglect" such as lack of knowledge of the filing deadlines, lack of representation, and unfamiliarity with the legal process. *Irwin*

*v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Barrow v. New Orleans Steamship Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). The Petitioner bears the burden of demonstrating both "extraordinary circumstances" and due diligence in pursuing his rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

## *Discussion*

Respondent has moved to dismiss Petitioner's petition as untimely. The one year statute of limitations under AEDPA would have expired on September 15, 2000 and the Petitioner did not file her petition until May 17, 2005. Thus, Petitioner must show that due to statutory or equitable tolling, her five year seven month delay from finality of State court proceedings was reasonable. For the reasons stated below, Petitioner has not met this burden and therefore, Respondent's Motion to Dismiss should be **GRANTED**.

**I. Statute of Limitations**

The California Court of Appeal affirmed Petitioner's conviction on August 6, 1999. [Lodgment 1]. Because Petitioner did not petition for review, her judgment became final on September 15, 1999, forty days after the California Court of Appeal issued its decision on direct appeal. 28 U.S.C. § 2244(d)(1)(A); *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002). Thus, the limitations period started running on September 16, 1999 and was set to expire one year later on September 15, 2000 unless the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2).

*1. Statutory Tolling*

The Petitioner contends that because her first two claims are based on rights newly recognized by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004) [Pet. At 5; Lodgments 2 at 7-11; 4 at 12; 6 at 3-4] the tolling start date should be June 24, 2004, the date of the *Blakely* decision. The Petitioner is incorrect in her argument for a different tolling start date for two reasons. First, the *Blakely* decision was made more than 4 years and 9 months after the Petitioner's judgment became final. Second, the Ninth Circuit has held that *Blakely* does not apply retroactively to convictions that became final prior to its publication. *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). Because the Petitioner's claims do not depend on rights newly recognized by the United States Supreme Court, the correct statute of limitations start date was September 16, 1999, the date her judgment became final in state court proceedings.

Statutory tolling cannot revive the limitations. It only tolls a statutory period that has not yet expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). The record presented to this Court shows that the Petitioner had petitions for Writs of Habeas Corpus pending in California state courts between May 17, 2005 and November 30, 2005. The AEDPA statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Here, Petitioner did not seek collateral relief in state court until May 17, 2005, more than five years after the California Court of Appeal affirmed Petitioner's conviction. In *Carey v. Saffold*, the Court held that if the California Supreme Court found that a prisoner had unreasonably delayed in presenting habeas claims, as that term is defined under California law, the application for state post-conviction relief would not be considered to have been "pending" during that period of delay. *Carey v. Saffold*, 536 U.S. 214 (2002). Filing an original habeas corpus petition in state court must be done "within a reasonable time after the Petitioner [] knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim." *In Re Harris*, (1993) 5 Cal. 4th 813, 828 n.7. Here the Petitioner waited until May 17, 2005 to file her petition, which is more than five years after her judgment became final on September 16, 1999. Thus, the Petitioner waited an unreasonable amount of time to seek such collateral relief in state court and therefore, the Petitioner is not entitled to statutory tolling under section 2244(d)(2).

### *2. Equitable Tolling*

Equitable tolling is only available when "extraordinary circumstances" beyond the Petitioner's control make it impossible for the Petitioner to file a timely petition. *Miranda*, 292 F.3d at 1066. The burden of demonstrating "extraordinary circumstances" rests with the Petitioner. *Pace*, 544 U.S. at 418; *see also Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). Petitioner failed to make a showing that there were any circumstances, much less extraordinary circumstances, which prevented her from filing her Petition in a timely manner. Because the statute of limitations ran on federal habeas corpus relief, Petitioner is not excused from filing an untimely petition.

///

///

*3. Conclusion*

Because Petitioner filed her habeas corpus Petition after the one year statute of limitations required under AEDPA and failed to show that she was entitled to statutory or equitable tolling, her Petition is untimely and should be dismissed.

### *Conclusion*

For the reasons set forth above, the Court recommends that Respondent's Motion to Dismiss with prejudice be **GRANTED**. This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties on or before ***October 13, 2006***. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before ***October 27, 2006***. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: September 22, 2006

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court